*173 MEMORANDUM
BAILEY, J.
That the Commission has the power to investigate the cost of the plaintiff’s project is settled by the case of Clarion River Power Co. v. Smith, 59 Fed. (2d) 861. It would be a futile act to make the investigation and no finding based upon it. This finding is an administrative and not a judicial act, and does not bind the plaintiff.
Section 4(f) of the Federal Water Power Act empowers the Commission “to prescribe rules and regulations for the establishment of a system of accounts and for the maintenance thereof by licenses thereunder,” etc. Following the reasoning of the Supreme Court in construing similar provisions applying to the Interstate Commerce Commission, I think that the defendant Commission has the power to require the amount found by it as the cost of the plaintiff’s project to be carried as that cost on the latter’s books of account.
The only question that remains is whether the order of the Commission has been arbitrary and “contrary to the undisputed character of the evidence — and wholly without support in such evidence.” The plaintiff was accorded a full hearing by the Commission, and while the court might not agree in toto with its findings, I do not think that it follows that the action of the Commission was arbitrary. I find that there was. substantial evidence to support these findings, and consequently that it is not for the court to set them aside. Apparently the only loss to the defendant that may result from the order of the Commission is the cost of keeping books in the manner prescribed by the Commission. The plaintiff voluntarily accepted a license from the government and is bound by its conditions.
The bill should be dismissed with costs.